Filed 6/14/21  P. v. Wooley CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F081197 |
| Plaintiff and Respondent, | |
| v. | (Fresno Super. Ct. No. F18901813) |
| DARRYL DANIEL WOOLEY, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Glenda S. Allen-Hill, Judge.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P.J., Levy, J. and Detjen, J.

## INTRODUCTION

Appellant and defendant Darryl Daniel Wooley was sentenced to 13 years pursuant to a negotiated disposition in 2018 and did not file a notice of appeal. In 2020, he filed a motion to recall and resentence him, based on an enhancement that was not imposed as part of his sentence, and the motion was denied. On appeal, his counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## PROCEDURAL BACKGROUND

On March 15, 2018, a felony complaint was filed in the Superior Court of Fresno County charging defendant with count 1, felony infliction of corporal injury on Jane Doe on or about November 1, 2017 (Pen. Code, § 273.5, subd. (a)),[1] and in counts 2 through 10, felony dissuading a witness from prosecuting a crime on November 2, 7, 8, and 15, 2017 (§ 136.1, subd. (b)(2)), with one prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and one prior prison term enhancement (§ 667.5, subd. (b)).

On May 10, 2018, defense counsel advised the court that defendant was going to enter in a negotiated disposition and plead no contest to count 1, infliction of corporal injury, and count 2, dissuading a witness on November 2, 2017. Counsel further stated defendant would admit the prior strike conviction for residential burglary, "and of course that goes along with it being also a serious prior" felony enhancement under section 667, subdivision (a).

Defense counsel stated the stipulated term was 13 years, based on second strike terms of four years for both counts 1 and 2, and the "serious strike prior would be five years." The prosecutor concurred with defense counsel's statement about the negotiated

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

disposition. The parties stipulated to the police reports and preliminary hearing transcript as the factual basis for the plea.

Thereafter, defendant pleaded no contest to counts 1 and 2, and he admitted the prior serious or violent felony conviction alleged as a strike for residential burglary in 2012. The court advised defendant that it was also alleged that he "suffered a prior serious felony conviction within the meaning of … Section 667(a)(1)," based on the same residential burglary conviction alleged as a strike. Defendant admitted the allegation.[2] The court granted the People's motion to dismiss count 3 through 10 and the prior prison term enhancement.

---

[2] " '[I]n addition to the statutory requirements that enhancement provisions be pleaded and proven, a defendant has a cognizable due process right to fair notice of the specific sentence enhancement allegations that will be invoked to increase punishment for his crimes.' [Citation.] However, '[d]efects in the form of an accusatory pleading are not a ground to reverse a criminal judgment in the absence of significant prejudice to a defendant. [Citations.]' " (*People v. Pettie* (2017) 16 Cal.App.5th 23, 82.)

In this case, under the heading, "Prior Serious Felony Convictions (Strikes)," the complaint alleged pursuant to section 667, subdivisions (b) through (i) and section 1170.12, subdivisions (a) through (d), that defendant suffered a prior conviction of a "serious or violent felony," based on violating sections 459 and 460, residential burglary, in Fresno County Superior Court case No. F11906318 on April 18, 2012. At the plea hearing, defendant admitted that he suffered the residential burglary conviction in 2012 and that it was a strike, and also that the same burglary conviction was "a prior serious felony conviction within the meaning of … Section 667(a)(1)," consistent with the negotiated disposition.

Defendant received sufficient notice of the court's oral amendment in this case, that was part of the parties' negotiated disposition to add a consecutive term of five years for a prior serious felony enhancement pursuant to section 667, subdivision (a), consistent with the stipulated term of 13 years, and the enhancement was based on the same prior conviction alleged as a strike. "Oral amendment of an accusatory pleading may suffice for statutory and due process purposes. [Citation.] 'The informal amendment doctrine makes it clear that California law does not attach any talismanic significance to the existence of a written information.' [Citation.]" (*People v. Pettie*, *supra*, 16 Cal.App.5th at p. 82.)

3.

On June 12, 2018, the court imposed an aggregate term of 13 years, that was the indicated sentence in the negotiated disposition, based on the lower term of two years for count 1, doubled to four years as the second strike term; a fully consecutive midterm of two years for count 2, doubled to four years as the second strike term; and a consecutive term of five years for the prior serious felony enhancement. The court issued and served defendant with a criminal protective order prohibiting contact with the victim until June 12, 2021.

Defendant did not file a notice of appeal from the judgment entered on June 12, 2018, and the judgment became final on August 11, 2018. (Cal. Rules of Court, Rule 8.308.)

**Postjudgment motions**

On January 10, 2020, defendant filed, in pro. per., an ex parte motion for recall and resentencing in the trial court, requesting dismissal of a prior prison term enhancement allegedly imposed as part of his sentence based on the enactment of Senate Bill No. 136. (2019–2020 Reg. Sess.)

On February 3, 2020, the trial court denied the motion because a prior prison term enhancement was not found true or imposed as part of defendant's sentence, and his case was final.

On May 19, 2020, defendant filed a notice of appeal from the judgment entered on "May 10, 2018." Defendant requested a certificate of probable cause because his sentence was illegal, and asserted the five-year term imposed for the prior serious felony enhancement must be stricken as a result of the enactment of Senate Bill No. 1393. (2017–2018 Reg. Sess.) It does not appear that the trial court ruled upon the request for a certificate of probable cause.

## DISCUSSION

While the trial court did not grant defendant's request for a certificate of probable cause, the issue defendant raised in that request is meritless. Effective January 1, 2019,

4.

sections 667 and 1385 were amended by Sen. Bill 1393 to remove the prohibitions on striking or dismissing a prior serious felony enhancement. (See Stats. 2018, ch. 1013, §§ 1–2; *People v. Garcia* (2018) 28 Cal.App.5th 961, 971; *People v. Zamora* (2019) 35 Cal.App.5th 200, 208.)

"… Senate Bill 1393 applies retroactively to all cases or judgments of conviction in which a five-year term was imposed at sentencing, based on a prior serious felony conviction, *provided the judgment of conviction is not final when Senate Bill 1393 becomes effective on January 1, 2019*." (*People v. Garcia, supra*, 28 Cal.App.5th at pp. 971–972, 973, italics added.) Defendant's judgment of conviction and sentence were imposed on June 12, 2018, he did not file a notice of appeal and, as noted by the trial court, his judgment became final on August 11, 2018, before Senate Bill 1393 became effective. (*People v. McKenzie* (2020) 9 Cal.5th 40, 46–47; Cal. Rules of Court, Rule 8.308.)

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on October 20, 2020, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.